UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
KEITH WATERS, *pro se*,                          :
                                                 :
                              Petitioner,        :
                                                 :               **SUMMARY ORDER**
                 -against-                       :               10-CV-5700 (DLI)
                                                 :
DANIEL MARTUSCELLO, Superintendent,              :
Coxsackie Correctional Facility,                 :
                                                 :
                              Respondent.        :
-------------------------------------------------------- x

**DORA L. IRIZARRY, U.S. District Judge:**

By petition dated November 18, 2010, *pro se* petitioner Keith Waters ("Petitioner" or "Waters") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As part of his petition, Waters moves for issuance and service of a subpoena on the New York State Division of Parole ("NYSDP"). (*See* Doc. Entry No. 10.) Specifically, Petitioner seeks: (a) Unusual Incident Reports filed by Parole Officer William Mahoney for the month of September 2005; (b) personal data and equipment inventory sheets for cell phone equipment issued to Officer Mahoney for September 14-15, 2005; (c) radio frequency licensing agreements made between NYSDP and the New York City Police Department; and (d) NYSDP cell phone equipment subscriber/provider information for the month of September 2005. (*See id.*) Respondent has moved to quash the subpoena. (*See* Doc. Entry No. 12, Respondent's Memorandum of Law ("R. Mem.").) Respondent's motion to quash is granted in its entirety.

## I.     Discussion

Petitioner alleges the subpoena is necessary to show that Respondent and its agents "withheld exculpatory and impeaching evidence during state proceedings." (*See* Doc. Entry No. 14, Petitioner's Memorandum of Law ("Pet. Mem.") at 8.) The Supreme Court of New York,

Kings County previously adjudicated this claim on the merits when it denied Petitioner's third motion to vacate his judgment of conviction pursuant to New York Criminal Procedure Law § 440.10.  (*See* Decision and Order, dated February 2, 2010, attached to R. Mem.)    Where, as here, a state court has adjudicated a claim on the merits, federal habeas review of the claim under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court.  *Cullen v. Pinholster*, —— U.S. ——, ——, 131 S.Ct. 1388, 1398 (2011).  Thus, a habeas petitioner may not challenge an adverse state court decision by supplementing the record before the federal habeas court.   *Id.* at 1398-99.  Accordingly, Petitioner's motion for issuance and service of a subpoena is denied and Respondent's motion to quash the subpoena is granted in its entirety.

## II.       Conclusion

For the foregoing reasons Petitioner's motion for issuance and service of a subpoena is denied and Respondent's motion to quash the subpoena is granted in its entirety.  As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.  *See* 28 U.S.C. § 2253.  The Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated:  Brooklyn, New York
         March 12, 2012

_____/s/_____
DORA L. IRIZARRY
United States District Judge

2